|  |  |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANITA GAMARRO, an individual and on behalf of all others similarly situated, | Case No.: 5:22-cv-01811-MEMF (SPx) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 14] AND GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE [ECF NO. 23]** |
| WALGREEN PHARMACY SERVICES MIDWEST, LLC, an Illinois limited liability company; WALGREEN CO., an Illinois corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Before the Court is the Motion to Remand filed by Plaintiff Anita Gamarro (ECF No. 14) and the Request for Judicial Notice filed by Defendants Walgreen Pharmacy Services Midwest, LLC and Walgreen Co. in conjunction with their Opposition to the Motion to Remand (ECF No. 23). For the reasons stated herein, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendants' Request for Judicial Notice.

/ / /

/ / /

1

**BACKGROUND**

I. **Factual Background**[1]

Plaintiff Anita Gamarro ("Gamarro") is an individual residing in California. Compl. ¶ 1. Walgreen Pharmacy Services Midwest, LLC ("WPM") is an indirect wholly owned subsidiary of Walgreen Co. ("Walgreens") (collectively, the "Walgreens Defendants"), an Illinois corporation. ECF No. 4 ("Corp. Disclosure"). Gamarro was an hourly, non-exempt employee at WPM's store located at 29910 Murrieta Hot Springs Road, Murrieta, California 92563. Declaration of Alicia Musgrove, ECF No. 1-3, ¶ 2 ("Musgrove Decl."). Gamarro began her employment as a pharmacy technician on May 18, 2020. *Id.* As of November 30, 2021, Gamarro is no longer employed with WPM. *Id.*

In the course of her employment, Gamarro worked more than eight hours per day, forty hours per week, and/or seven consecutive days. Compl. ¶ 36. She did not receive additional compensation specifically overtime pay for the actual hours she worked. *Id.* As a result, Gamarro, and all others similarly situated, were required to complete employment-related tasks before and after their regularly scheduled shifts. *Id.* In addition to this, Gamarro was not provided 30-minute, uninterrupted meal breaks for more than five hours worked as required under California law. *Id.* ¶ 49. The Walgreens Defendants further failed to provide an uninterrupted 10-minute rest period for every four hours worked. *Id.* ¶¶ 5, 7.

II. **Procedural Background**

On August 10, 2022, Gamarro filed a putative class action against the Walgreens Defendants in the Riverside County Superior Court. *See generally* Compl. The complaint alleges the following claims: (1) failure to pay overtime wages in violation of California Labor Code § 510; (2) failure to pay minimum wages in violation of CAL. LABOR CODE § 1197; (3) failure to provide meal periods in violation of CAL. LABOR CODE § 512; (4) failure to provide rest periods in violation of CAL. LABOR CODE § 226.7; (5) waiting time penalties, CAL. LABOR CODE § 203; (6) wage statement violations under California Law, CAL. LABOR CODE § 203; (7) failure to timely pay wages in violation of CAL.

---

[1] The factual allegations included in this section are derived from the Complaint found at Exhibit 2, ECF No. 1-1 ("Compl.").

2

LABOR CODE § 204; (8) failure to indemnify in violation of CAL. LABOR CODE § 2802; and (9) unfair competition in violation of California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq*. *Id.*

On October 12, 2022, Walgreens Defendants filed an Answer. Ex. 15, ECF No. 1-1. On October 13, 2022, Walgreens Defendants filed a timely Notice of Removal asserting that this Court has diversity jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"). ECF No. 1 ("Notice"). Gamarro filed the present Motion to Remand on November 11, 2022, arguing that Walgreens Defendants have not demonstrated the amount-in-controversy exceeds $5 million as required under CAFA. ECF No. 14 ("Motion" or "Mot."). On March 7, 2023, this Court ordered Walgreens Defendants to submit a statement explaining its failure to file a timely opposition. ECF No. 20. Daria Dub Carlson, counsel of record for the Walgreens Defendants, submitted a declaration indicating that she believed the filing deadline for the opposition was on March 9, 2023. Declaration of Daria Dub Carlson, ECF No. 21 ¶ 6 ("Carlson Decl."). On March 8, 2023, the Walgreens Defendants filed an Opposition to the Motion. ECF No. 22 ("Opp'n"), with a concurrent Request for Judicial Notice (ECF No. 23 ("RJN")).[2] Gamarro filed a Reply on March 15, 2023. ECF No. 28 ("Reply"). The Court heard oral argument on March 30, 2023.

---

[2] Gamarro argues that the Court should "refuse to consider [the Walgreens Defendants'] late filed Opposition" and "grant Plaintiff's Motion." Reply at 2–4. Gamarro specifically highlights Federal Rule of Civil Procedure 6(b)(1)(B), which states that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on the motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "Excusable neglect" is comprised of four factors: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, and whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith." *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). While it is true that the Walgreens Defendants' Opposition was not filed fourteen days after the filing of the initiating motion—as is required by this Court's Civil Standing Order—the Court, on balance, does not find rejection of the Opposition appropriate. Looking to the first factor, the risk of prejudice to Gamarro is low. Gamarro filed a Reply one day after the Opposition was docketed, and the Court's March 30, 2023 hearing date was not impacted by the late filing. Second, as this case is in its early stages—this is the first substantive motion to be handled by the Court—no pretrial or trial deadlines are affected by the late filing. Third, counsel for the Walgreens Defendants indicated that their failure to file the Opposition was a result of a misunderstanding regarding the implication of the Court having continued the hearing on the instant motion on the briefing deadlines. Declaration of Daria Dub Carlson, ECF No. 21 ("Carlson Decl.") ¶¶ 4–7. While it is clear that the mistake is of counsel's own making, Defense counsel acted swiftly in responding to the Court's March 7, 2023 text-only entry regarding the status of the missing

**REQUESTS FOR JUDICIAL NOTICE**

I. **Applicable Law**

Federal Rule of Evidence 201(b) allows a court to take judicial notice of facts that are not subject to reasonable dispute because the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Adjudicative facts that may be judicially noticed include "*undisputed* matters of public record" which differs from "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Documents on file in federal and state court are undisputed matters of public record and therefore appropriate for judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1132–33 (9th Cir. 2012); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

II. **Discussion**

Walgreens Defendants request that this Court take judicial notice of the Minute Order Granting the Gamarro's Motion in *Jauregui v. Roadrunner Transp. Servs., Inc.* ("Request") ECF No. 23, Ex. 1, No. 2:21-cv-04657 (Sept. 8, 2021). The Walgreens Defendants specifically ask the Court to take notice of this exhibit in connection with its Opposition to Gamarro's Motion. *Id*. The Opposition primarily cites the Ninth Circuit decision in *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989 (9th Cir. 2022), and the Walgreens Defendants reference the district court's order when discussing the facts asserted by the defendants to establish the requirements of CAFA had been met. Opp'n at 10. The district court granted the plaintiff's motion, which was reversed on appeal. *Jauregui*, 28 F.4th at 996.

This request is unopposed. The Court may take judicial notice of proceedings in another court if it has "a direct relation to the matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). Accordingly, the

---

opposition including promptly filing the requested brief. *See* ECF Nos. 21, 22. Taken together, these facts indicate a lack of bad faith on the part of Defense counsel. Coupled with the Court's preference to resolve motions on the merits, the Court declines to reject the Opposition.

Court GRANTS Defendants' Request as court filings are appropriate for judicial notice. However, as discussed previously, this Court may not take judicial notice of "*disputed* facts stated in public records," and for this reason the Court will not consider the facts contained within the minute order. *Lee*, 250 F.3d at 690.

**MOTION TO REMAND**

I. **Applicable Law**

   A. **The Class Action Fairness Act of 2005, 28 U.S.C. § 1332**

In 2005, Congress expanded federal jurisdiction over class actions under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). CAFA's enactment increased the threshold requirement for the amount in controversy from $75,000 to $5 million. 28 U.S.C. § 1332(d)(2). In addition to this, CAFA does not require complete diversity among the parties. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). To remove a class action under CAFA, the defendant must prove three elements: (1) the amount in controversy exceeds $5 million, (2) the proposed class has at least 100 members and, (3) the parties are minimally diverse. 28 U.S.C. § 1332(d); *Serrano*, 478 F.3d at 1021.

   B. **Removal, 28 U.S.C. § 1441**

Removal is proper in civil actions when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Minimal diversity exists among the parties where any member of the proposed class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Whereas the amount in controversy refers to the "amount at stake in the underlying litigation" and not the "likely or probable liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). To determine the amount in controversy in a CAFA case, courts first consider the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). If the complaint, however, is silent about damages then the defendant must demonstrate, by the preponderance of evidence, that the aggregate amount in controversy exceeds $5 million. *Dart*, 574 U.S. at 88.

Courts can consider other evidence to determine the amount at stake including affidavits, declarations or other "summary-judgment-type evidence relevant to the amount in controversy at the

time of removal." *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). That is, a defendant can cite a case with the "same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." *Greene*, 965 F.3d at 772. By doing so, the defendant can demonstrate they relied on a "reasonable chain of logic" in its damages assessment. *Id.* Though the court must ultimately decide where the preponderance lies when both parties submit evidence, and the plaintiff has challenged the defendant's amount in controversy in a motion to remand. *Ibarra*, 775 F.3d at 1198.

## II. Discussion

Gamarro is seeking to remand this case to the Riverside County Superior Court on the grounds that the Walgreens Defendants have not demonstrated that the amount in controversy exceeds $5 million. *See generally* Mot. As stated above, CAFA has three requirements—the aggregate amount in controversy must exceed $5 million, the proposed class must have at least 100 members, and the parties must be minimally diverse. *Serrano*, 478 F.3d at 1020–21. The parties do not contest that the proposed class has at least 100 members or that the "minimal" diversity requirement has been met. *See* Notice ¶¶ 13–3; Mot. at 3; Opp'n at 1. Therefore, the Court must only determine whether the Walgreens Defendants have established, by a preponderance of the evidence, the requisite amount in controversy under CAFA.

**A. The amount in controversy exceeds $5 million.**

    i. <u>Walgreens Defendants make reasonable assumptions in calculating the amount in controversy.</u>

The Walgreens Defendants' Notice asserts that the amount in controversy "easily exceeds" the requisite $5 million to invoke federal jurisdiction under CAFA. Notice ¶ 32. Gamarro challenges Walgreens Defendants' amount in controversy in the Motion, arguing that the requisite $5 million jurisdictional threshold has not been met as the Walgreens Defendants' calculations are overboard and based on "unsupported, unreasonable assumptions." Mot. at 1, 7.

As a preliminary matter, the Walgreens Defendants argue that Gamarro applies the incorrect standard for removal under CAFA. Opp'n at 4–5. Gamarro, relying primarily on non-binding district

court authority, *see* Mot. at 10–13, argues that the Walgreens Defendants must ground their estimates in the language of the Complaint and allege that the Defendants fail to provide "any evidence" to support the calculations derived from the violation rates. *See* Mot. at 10–12. *Ibarra v. Manheim Invs., Inc.*, the sole binding authority upon which Gamarro relies, states that a removing defendant referring to a "'pattern and practice' of doing something does not necessarily mean *always* doing something," for the purposes of establishing labor law violations. 775 F.3d 1193, 1198–99 (9th Cir. 2015). The Walgreens Defendants, however, direct the Court to the *Jaureugi v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989 (9th Cir. 2022), a recent Ninth Circuit opinion weighing in on this question. Opp'n at 5–6.

In *Jauregui*, the Ninth Circuit recognized that CAFA's provisions should be interpreted broadly with a "strong preference" for class actions to be heard in federal court when properly removed. 28 F.4th at 993. The court held that in the early stages of litigation, a defendant has no choice but to rely on assumptions when calculating an amount in controversy using the plaintiff's complaint before resolving any disputes over key facts. *Id.* As a result, it would be inappropriate to demand exact certainty from a defendant in their calculations of the amount in controversy. *Id.*

The fatal flaw in Gamarro's analysis is precisely what the Walgreen Defendants point out—Gamarro applies an outdated interpretation of CAFA's amount in controversy requirement. Opp'n at 8; *see also* Mot. at 1–2 (applying pre-*Dart* and *Jauregui* authority). Both the Supreme Court in *Dart* and, more recently, the Ninth Circuit in *Jauregui* caution this Court against "an inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy." *Jauregui*, 28 F.4th at 993. Rather than "zero out" whole estimates because alternative assumptions are preferred, district courts are to apply CAFA broadly, all the while remembering that section 1446 favors the presence of class actions in federal court. *See id.* at 993; *Dart*, 574 U.S. at 89. As such, the Court analyzes the Walgreens Defendants' calculations with an eye towards this requirement.

/ / /

/ / /

Walgreens Defendants rely on the Declaration of Alicia Musgrove ("Musgrove"), the Vice President of Human Resources for Defendant Walgreens.[3] Musgrove Decl. ¶ 1. In her Declaration, Musgrove states that Defendant WPM employed 6,525 individuals between August 2018 and September 2022. *Id.* ¶ 3. The calculations are also dependent on calculations submitted by the Walgreens Defendants' retained expert, Jonathan Wilson, who reviewed timekeeping and payroll data on individuals employed as "Pharmacy Technicians" from April 14, 2020 to September 21, 2022. Declaration of Jonathan Wilson, ECF No. 22-1 ("Wilson Decl.") ¶¶ 4–5.

The Walgreens Defendants' calculations on damages, therefore, are based on the size of this class that have worked at least 343,184 weeks at an average hourly rate of $21.37. *Id.* The specific calculations are as follows:

| Claim | Amount in Controversy |
|---|---|
| Meal Periods | **$1,833,460.52** ($21.37 [average hourly rate] x 343,184 [weeks worked] x .25 [violation rate of once every four weeks[4]]) |
| Rest Breaks | **$1,833,460.52** ($21.37 [average hourly rate] x 343,184 [weeks worked] x .25 [violation rate of once every four weeks]) |
| Waiting Time Penalties | **$8,937,703.32** ($21.37 [average hourly rate] x 7.66 hours [average workday] x 30 days [waiting time penalty] x 1,820 [former employees]) |
| Attorneys' Fees | **$3,151,156.09** ($12,604,624.40 [amount in controversy] x 25%[5]) |

---

[3] Gamarro asserts the following evidentiary objections to portions of the Musgrove Declaration: (1) lacks foundation (FED. R. EVID. 602); (2) improper hearsay and hearsay within hearsay (Fed. R. Evid. 802, 805); (3) failure to authenticate (FED. R. EVID. 901); (4) Best Evidence Rule (FED. R. EVID. 1002); and (5) devoid of required preliminary facts/improper factual conclusion (FED. R. EVID. 104, 401). *See generally* Plaintiff's Evidentiary Objections to Defendants' Notice of Removal, ECF No. 14-1. The objections are overruled. *See Sandoval v. County of San Diego*, 985 F.3d 657, 666 (2021) (finding hearsay objections to summary judgment evidence to be meritless where documents reflected personal knowledge of persons who could be called to testify at trial and finding "one-word" foundation objections to summary judgment evidence to be meritless as they provided no notice of the specific ground or possibility of cure).

[4] The Walgreens Defendants calculate the violation rate based on Gamarro's claim that Defendants **"at times"** failed to provide meal breaks. Notice ¶¶ 36–37.

[5] The Walgreens Defendants rely on the Ninth Circuit decision of *Hanlon v. Ctr. for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998), to calculate attorney fees as 25% of the amount in controversy.

Case 5:22-cv-01811-MEMF-SP Document 31 Filed 03/30/23 Page 9 of 11 Page ID #:485

    ii. <u>The Walgreens Defendants' calculations as to the wage statement claim satisfies the amount in controversy.</u>

The Walgreens Defendants assert that the wage statement claim satisfies the amount in controversy requirement.[6] Opp'n at 3. In her Complaint, Gamarro alleges the following with respect to this claim:

> Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements pursuant to Labor Code sections 226, subdivision (a) and 226.2, subdivisions (a)(2)(A-B) *on each and every wage statement that should have been provided*, including by failing to itemize and/or pay all nonproductive time and rest and recovery time for each.

Compl. ¶ 72 (emphasis added).

To determine amount in controversy under this claim, Walgreens uses the size of the class—as calculated in the Musgrove Declaration and the Wilson Declaration—the violation rate—as set forth in the Complaint—and the amount of damages per class member—as set forth in section 226 of the Labor Code. *Id.*; Compl. ¶¶ 75, 82. The Court has overruled Gamarro's objections to the Musgrove Declaration, and finds that the size of the class calculation is supported by competent evidence, namely the declaration of Musgrove as well as that of its expert. *See generally* Musgrove Decl.; *see also* Declaration of Jonathan Wilson, M.S., Wilson Decl. ¶¶ 1–5, 9. The Court also finds that—in light of the explicit language of the Complaint that "each and every wage statement" contained a violation, the Walgreens Defendants' 100% violation rate assumption is not unreasonable.[7] Finally, the Court finds that the Walgreens Defendants' assumptions regarding the

---

[6] Although the Walgreens Defendants did not include estimates of this claim in their Notice of Removal, the Court nevertheless finds it appropriate to consider their argument and evidence regarding this claim as Gamarro raises no objection to considering it, Reply at 8, and the Ninth Circuit has indicated that defendants may add support to their amount-in-controversy positions after filing a removal notice. *See Jauregui*, 28 F.4th at 991 n.3.

[7] Gamarro's only response is that reading this claim in this way is "disingenuous." Reply at 8. The fact that other parts of the Complaint may seem to limit the wage statement claim does not change the fact that this paragraph does support a 100% violation rate and the Walgreens Defendants are therefore entitled to rely on it. Similarly, at the hearing in this matter, Gamarro asserted that the wage statement claim contained certain inadvertent or clerical errors (such as a reference to a statutory provision that is clearly inapplicable to the class). Be that as it may, given the nature of the alleged errors, the Walgreens Defendants were entitled to rely on the complaint as pleaded in their Notice of Removal and their Opposition to the Motion for Remand. The Court also notes that this argument is not supported by any authority and was not raised at all in the briefing, which is further reason to decline to consider it.

9

damages due each class member are not unreasonable as Labor Code 226 states, in part, that an employee is "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." CAL. LAB. CODE § 226(e). Given these reasonable assumptions, the Walgreens Defendants claim that the possible damages for this claim alone is $7,832,550 is well-supported. Opp'n at 4.

Here, the Court finds that the Walgreens Defendants have relied on a reasonable "chain of logic," to calculate the amount in controversy. *Greene*, 965 F.3d at 772. The Court, having considered the evidence offered—including declarations to support the valuation of the substantive claims in this case—finds the Walgreens Defendants have sufficiently demonstrated that the amount in controversy exceeds $5 million.

    iii.    <u>The Court need not factor in the Walgreens Defendants' calculation of attorneys' fees into its analysis.</u>

The parties further dispute whether the Walgreens Defendants' calculation of attorneys' fees is reasonable under the facts of the case. *See* Mot. at 4; Opp'n 14; Reply at 9. However, as the Court has determined that the Walgreens Defendants have satisfied the $5 million threshold requirement through their calculations as to the wage statement claim, the Court need not consider whether the estimated attorneys' fees are reasonable.[8]

**B. The Court declines to sever and remand the UCL claim at this juncture.**

Gamarro, for the first time in the Reply, requests that if the Court finds remand to be proper, it sever and remand the UCL claim. Reply at 9. However, as "[t]he district court need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), the Court declines to consider this argument at this juncture. If Gamarro still desires to have the UCL claim severed and remanded, she may file an appropriate motion or stipulation.

---

[8] Similarly, the Court need not consider the argument made in the hearing that the overtime/waiting time penalties calculated in the Notice of Removal, ¶ 46, are necessarily in error because they include an assumption of all class members working an average of less than eight hours (which would, of course, not entitle them to overtime pay).

## **CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. The Walgreens Defendants' Request for Judicial Notice is GRANTED; and
2. Gamarro's Motion to Remand is DENIED. This case shall remain under the jurisdiction of the Central District of California.

**IT IS SO ORDERED.**

Dated: March 30, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge